IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| F. SCOTT WINSLOW, | : CIVIL NO. 1:08-0785 |
| Plaintiff, | : JUDGE SYLVIA H. RAMBO |
| v. | : |
| PRISON HEALTH SERVICES; JENNIFER PORTA; DR. RENATO DIAZ; and STANLEY STANDISH, | : |
| Defendants. | : |

## M E M OR A N D U M and O R D E R

The background of this order is as follows. On April 28, 2008, Plaintiff F. Scott Winslow, a state prisoner incarcerated at SCI-Retreat, initiated this action pursuant to 42 U.S.C. § 1983, alleging that Prison Health Services, and a number of individual health care providers at the prison, violated his constitutional rights through deliberate indifference to his medical needs relating to a hernia. (Doc.1.) A summons was issued on May 1, 2008 (Doc. 11), and counsel entered an appearance on behalf of Defendants on June 20, 2008 (Doc. 13). The same day, Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). However, Defendants failed to file a brief in support of their motion within ten days, as required by this court's local rules. *See* M.D. Pa. Local R. 7.5. Instead, they filed their supporting brief two days late.[1] Local Rule 7.5 provides that where a party fails to file a timely supporting brief, the motion shall be deemed withdrawn. *Id.*

---

[1] Federal Rule of Civil Procedure 6(a), which governs the computation of time, provides that weekends and legal holidays, including Independence Day, are excluded in computing periods of time less than eleven days. Accordingly, Defendants had until July 7, 2008 to file a brief in support of their motion filed on June 20, 2008.

Defendants failed to seek an enlargement of time to file their supporting brief prior to the expiration of the time to file, *see* Fed. R. Civ. P. 6(b). Moreover, Defendants have presented no explanation for their untimely filing that would constitute excusable neglect for the late filing. *Id.* Accordingly, because the supporting brief is untimely, the motion to dismiss is deemed withdrawn and Defendants shall be required to file an answer within ten days of this order.

Also pending is Plaintiff's motion for appointment of counsel.[2] (Doc. 4.) This court is authorized to appoint counsel to represent an indigent litigant in a civil case, *see* 28 U.S.C. § 1915(d), but civil litigants are not entitled to counsel. *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993). Instead, appointment of counsel is a matter of discretion for the court. *Id.* As a threshold matter, the court must consider the merits of Plaintiff's claim. *Id.* at 155. Once this threshold requirement is met, relevant factors to guide this court's decision include, but are not limited to:

> 1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.

*Montgomery v. Pinchak*, 294 F.3d 492, (3d Cir. 2002) (citing *Tabron*, 6 F.3d at 155-57).

After careful consideration of Plaintiff's request for appointment of counsel, the motion will be denied at this time. It appears that Plaintiff's claim

---

[2] On July 8, 2008, after Defendants filed their motion to dismiss but before their supporting brief was submitted, Plaintiff filed a brief in opposition to Defendants' motion. (Doc. 16.) In his brief, Plaintiff renews his motion to appoint counsel (Doc. 4) and requests that this court stay disposition of the motion to dismiss pending the court's ruling on that motion. As discussed *infra*, Plaintiff's request for appointment of counsel will be denied, and his request to stay disposition of the motion to dismiss is moot.

meets the threshold requirement of having some merit in fact and law.  Additionally, it may be the case that testimony from expert witnesses will be required.  However, the supply of pro bono counsel in this district is limited, and at this stage in the litigation, the court is of the opinion that Plaintiff has the ability to adequately represent himself in this action.  The legal and factual issues in this case are relatively straightforward and Plaintiff has done an adequate job thus far in presenting those issues to this court.  For these reasons, the motion for appointment of counsel will be denied without prejudice.  If necessary Plaintiff may renew his request at a later date.

**IT IS HEREBY ORDERED THAT**:

(1) Defendants motion to dismiss is **DEEMED WITHDRAWN**;

(2) No later than July 25, 2008, Defendants shall file an answer to Plaintiff's complaint; and

(3) Plaintiff's motion to appoint counsel (Doc. 4) is **DENIED WITHOUT PREJUDICE**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  July 11, 2008.