IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| F. SCOTT WINSLOW, | : CIVIL NO. 1:CV-08-0785 |
| Plaintiff | : JUDGE SYLVIA H. RAMBO |
| v. | : |
| PRISON HEALTH SERVICES;<br>P.A. JENNIFER PORTA;<br>DR. RENATO DIAZ, M.D.; and<br>STANLEY STANDISH, M.D.; | : |
| Defendants | : |

### M E M O R A N D U M

Plaintiff F. Scott Winslow, an inmate at SCI-Retreat, brings this *pro se* suit pursuant to 42 U.S.C. § 1983 against Prison Health Services ("PHS") and three of its employees, alleging that Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Before the court is Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. The parties have briefed the issues, and the matter is ripe for disposition. For the reasons that follow, the motion will be granted in part and denied in part.

**I.      Background**

   **A.     Facts**

The facts are drawn from Plaintiff's complaint and taken as true for the purpose of deciding this motion. On August 19, 2007, Plaintiff was working in his assigned position in an equipment shed when he picked up a bench and felt a pop. Later he noticed a lump in his groin. Plaintiff was checked by a nurse the next morning and informed that he had a hernia. Plaintiff alleges that "[t]his hernia has

the potential to 'strangle me to death' and therefore it has the potential to kill me. Therefore, this hernia is a serious medical need." (Doc. 1 ¶ 3.)

Plaintiff sought medical attention from Defendants from August 19, 2007 until February 2008, but nothing was done.  Finally, in February 2008, his family contacted the medical department, and Plaintiff was issued a hernia belt.  However, Plaintiff states that he remains in constant, severe pain, and the belt provides no relief.  Plaintiff does not have the ability to seek care from another doctor due to his incarceration.  He states that Defendants "specifically told [him] that they would not do anything for [him] until [he] was either being 'strangled to death' or the hernia moves into [his] scrotum." (*Id.* ¶ 7.)  Plaintiff further states that "Prison Health Services policies to save money and other policies are the direct and proximate cause of the deliberate indifference to [his] serious medical needs that [he] is being forced to endure." (*Id.* ¶ 8.)

### B. Procedural History

On April 28, 2008, Plaintiff filed the instant complaint against PHS and three of its employees, Jennifer Porta, Renato Diaz, and Stanley Standish ("Individual Defendants"). (Doc. 1.)  Plaintiff seeks compensatory damages for the pain he has suffered, punitive damages, and injunctive relief.  Specifically, Plaintiff requests that this court order PHS to allow Plaintiff to be examined by a specialist and obtain any required surgery for his condition.

On July 17, 2008, PHS and the Individual Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]  (Doc. 19.)  A

---

[1] Defendants filed a motion to dismiss on June 20, 2008, (*see* Doc. 14), but that motion was
(continued...)

supporting brief was filed the same day. (Doc. 20.) On August 11, 2008, Plaintiff filed a brief in opposition. (*See* Docs. 24, 16.) No reply brief was filed. The motion has been fully briefed and is ripe for disposition.

**II.       Legal Standard**

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by

---

[1](...continued)
deemed withdrawn pursuant to M.D. Pa. Local R. 7.5 when Defendants failed to file a timely supporting brief. (Doc. 17.) Defendants were granted leave to refile the motion to dismiss. (Doc. 23.)

3

Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord, e.g., Phillips*, 515 F.3d at 238-39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Additionally, "documents whose contents are alleged in the complaint and whose authenticity no

party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), *quoted in Erickson v. Pardus*, — U.S. —, 127 S.Ct. 2197, 2200 (2007).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247,252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III.**     **Discussion**

All of the Defendants argue that the complaint fails to state a claim under 42 U.S.C. § 1983 for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.[2] The Individual Defendants argue that the complaint does not sufficiently allege deliberate indifference. PHS argues that the complaint does not sufficiently allege a policy or practice PHS knew presented a substantial risk of harm to Plaintiff. These arguments will be discussed in turn.

**A.**     **Individual Defendants**

The Eighth Amendment forbids the state from exacting cruel and unusual punishment against prisoners. *See* U.S. Const. amend VIII. The state has an obligation to provide medical care to prisoners it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Deliberate indifference by prison officials to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* at 104.

The two prongs of a cognizable claim under the *Estelle* standard are (1) serious medical need of the prisoner and (2) deliberate indifference by prison officials to that need. *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Examples of deliberate indifference include "intentionally denying or delaying access to medical care or intentionally interfering

---

[2] Section 1983 provides in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . ."

with the care once prescribed." *Estelle,* 429 U.S. at 105.  Serious medical needs range from those which if left untreated would produce "physical torture or lingering death" to less serious cases causing "pain and suffering which no one suggests would serve any penological purpose." *Id.* at 103 (internal citations omitted).

The deliberate indifference prong is evaluated subjectively in that prison officials are not liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Negligence, mistake, difference of opinion, medical malpractice or the failure to order testing does not exhibit the culpable mental state giving rise to an Eighth Amendment violation.[3]  "Deliberate indifference, therefore, requires obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (internal citations and quotations omitted).

Here, Individual Defendants argue that Plaintiff has failed to sufficiently plead a cognizable Eighth Amendment claim.  Specifically, they argue that Plaintiff has failed to satisfy the deliberate indifference pleading standard required by *Estelle* including the subjective element of *Farmer*.

In his complaint, Plaintiff alleges he received no treatment for his medical needs until February 2008, when he received a hernia belt, and that the

---

[3] Ample caselaw supports these principles.  *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (medical decision not to order an X-ray does not constitute cruel and unusual punishment); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2002) (claims of medical malpractice, absent an allegation of a culpable state of mind, do not constitute deliberate indifference); *Monmouth County Corr. Institution Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) *cert. den*ied, 486 U.S. 106 (1988) (disagreement over the type of medical treatment does not give rise to a constitutional violation).

hernia belt has been ineffective. (Doc. 1 ¶¶ 4, 5.) Plaintiff's claims can be properly separated as those arising prior to the February 2008 treatment and those arising after February 2008 treatment (pre-belt and post-belt).

Plaintiff's complaint does not state a claim for deliberate indifference for the Individual Defendants' issuance of the hernia belt or their conduct after that point. Plaintiff claims the hernia belt is ineffective and also disagrees with the course of treatment he has received since the belt was issued. These are essentially negligence or medical malpractice claims. As explained above, prisoner allegations of negligence, malpractice or disagreement as to type of treatment do not give rise to a claim under the Eighth Amendment. Plaintiff may not agree with the treatment he is receiving, but that disagreement alone does not give rise to an Eighth Amendment claim.[4] Accordingly, the Individual Defendants' motion to dismiss Plaintiff's claims of deliberate indifference arising from or after the issuance of the hernia belt will be granted.

However, Plaintiff's complaint clearly states a claim for deliberate indifference to a serious medical need regarding the Individual Defendants' conduct prior to the issuance of the hernia belt. The complaint alleges that Plaintiff has a serious medical need. The complaint sufficiently pleads deliberate indifference. The complaint also satisfies the subjective element required by *Farmer*.

First, Plaintiff alleges that the hernia is painful and has potential to result in strangulation of tissue. (*Id.* ¶¶ 3, 5.) There is no dispute that a hernia constitutes a serious medical need. Even if the Individual Defendants disputed the

---

[4] Although it is clear that Plaintiff fails to state a constitutional claim for the issuance of the hernia belt and Defendant's conduct post-belt, the court offers no opinion as to whether Plaintiff may have a valid state law claim for negligence or medical malpractice.

seriousness of Plaintiff's condition, the potential life-threatening complications of a hernia place it squarely within the range of serious medical needs contemplated by the Supreme Court in *Estelle*.[5]  *See Estelle,* 429 U.S. at 103.  By averring that he has a painful hernia, Plaintiff has sufficiently pleaded that he has a serious medical need.

Second, Plaintiff alerted the Individual Defendants of his medical need on August 19, 2007.  (Doc. 1 ¶ 2.)  The complaint avers that after making this notification, Plaintiff received no treatment for the hernia from August 2007 to February 2008.  (*Id.* ¶ 4.)  By alleging a six-month denial or delay in treatment for a hernia, Plaintiff has sufficiently pleaded deliberate indifference.

Finally, Plaintiff alleged that the Individual Defendants told him they would not treat him until his hernia became strangled or moved into the scrotum. (*Id.* ¶ 7.)  Plaintiff avers that the Individual Defendants were not only aware of the complications associated with Plaintiff's condition, but they also disregarded Plaintiff's current condition which was causing him pain.  (*Id.* ¶ 5.)  Plaintiff avers that the Individual Defendants decided he would have to develop complications before they would treat him.  (*Id*. ¶ 7.)  By alleging that the Individual Defendants knew of his present painful condition and that they disregarded that knowledge by failing to treat him for six months, Plaintiff has sufficiently pleaded the Individual Defendants' knowledge and disregard of an excessive risk to his health.  This

---

[5] It appears that Plaintiff is describing the symptoms and complications associated with an inguinal hernia.  An inguinal hernia results when part of the small bowel protrudes through an opening in the inguinal canal.  The protrusion can flow into the scrotum.  "Strangulation" occurs when blood supply to the contents of the protrusion becomes cut off.  This cutoff may cause the protruding tissue to die (ischema followed by necrosis).  The tissue death can become gangrenous, a life-threatening situation.  *See Hernia,* U.S. Nat'l Library of Med. & The Nat'l Inst. of Health Medline Plus, Sept. 25, 2008, *available at* http://www.nlm.nih.gov/MEDLINEPLUS/ency/article/000960.htm (last visited October 21, 2008).

pleading satisfies the subjective element required by *Farmer*. Accordingly, the Individual Defendants' motion to dismiss Plaintiff's claims arising prior to the issuance of the hernia belt will be denied.

### B.     Prison Health Services

A private corporation may be held liable for § 1983 constitutional violations if while acting under color of state law, the corporation knew of and acquiesced in the deprivation of a plaintiff's rights. *Miller v. City of Philadelphia*, No. CIV.A.96-3578, 1996 WL 683827, at *3-4 (E.D. Pa. Nov. 26, 1996) (citing *Monell v. New York City Dep't of Sec. Serv.*, 436 U.S. 658, 694-95 (1978)). To establish liability regarding a private corporation, the plaintiff must show that the corporation, "with 'deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [plaintiff's] constitutional harm.' " *Id.* at *4 (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir.1989), *cert. denied*, 493 U.S. 1044 (1990)).

Here, PHS claims it is unable to discern any policy Plaintiff is challenging. PHS argues that Plaintiff has not sufficiently pleaded the existence of a practice or policy that PHS knew constituted a substantial risk of harm to Plaintiff. However, Plaintiff's complaint quite clearly alleges that PHS has a policy of saving money by ignoring the serious medical needs of prisoners, and alleges that this policy has been applied to him through PHS' failure to treat his hernia. (Doc. 1 ¶¶ 4-7.) Plaintiff's complaint states that as a result of the cost-saving policy, he is forced to endure the effects of non-treatment: pain that serves no penological purpose. Policies that subject prisoners to pain that serves no penological purpose are unconstitutional. *See Estelle*, 429 U.S. at 103. By alleging that treatment was

10

deliberately denied or delayed in violation of his Eighth Amendment right to be free from cruel and unusual punishment as part of PHS's cost-saving policy, Plaintiff has sufficiently pleaded the existence of an unconstitutional policy carried out by an entity acting under color of state law.  Therefore, Plaintiff has sufficiently pleaded a cognizable § 1983 claim, and PHS' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be denied.

**IV.**         **Conclusion**

In accordance with the foregoing discussion, Defendants' motion to dismiss (Doc. 19.) will be granted in part and denied in part. An appropriate order will issue.

s/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated:  October 23, 2008.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **F. SCOTT WINSLOW,** : | **CIVIL NO. 1:CV-08-0785** |
| **Plaintiff** : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **PRISON HEALTH SERVICES;** : | |
| **P.A. JENNIFER PORTA;** : | |
| **DR. RENATO DIAZ, M.D.; and** : | |
| **STANLEY STANDISH, M.D.;** : | |
| **Defendants** : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) The motion to dismiss (Doc. 19.) is **DENIED** in part and **GRANTED** in part as follows:

    a) The motion is **GRANTED** as to all claims arising after the issuance of the hernia belt in February 2008.

    b) Defendant's motion to dismiss is **DENIED** in all other respects.

2) A case management order will issue in the near future.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: October 23, 2008.