IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

F. SCOTT WINSLOW, :
    Plaintiff : Civ. No. 1:08-0785
:
v. :
:
PRISON HEALTH SERVICES, INC., :
STANLEY STANISH, M.D., :
RENATO DIAZ, M.D., :
and JENNIFER PORTA, P.A., : J. RAMBO
    Defendants :

# M E M O R A N D U M

Before the court is Plaintiff F. Scott Winslow's motion for reconsideration, (Doc. 52), of this court's October 23, 2008 order granting in part and denying in part Defendants' motion to dismiss, (Doc. 14). The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

I. **Background**

    A. **Facts**

The court has previously laid out the pertinent facts in a memorandum dated October 23, 2008, and will only briefly summarize them here. (Doc. 26.)

Plaintiff is a prisoner at the State Correctional Facility- Retreat ("SCI-Retreat"). (*Id.* at 1.) On August 19, 2007, while working at the prison he picked up

a bench and felt a pop. (*Id.*) It was later determined that Plaintiff had a hernia. (*Id.*) Plaintiff sought medical attention for his hernia from the date of the incident until February 2008, but nothing was done. (*Id.* at 2.) Finally, in February 2008, he was provided with a hernia belt. However, Plaintiff contends that the hernia belt provides him no relief and he still suffers serious pain. (*Id.*)

### B. Procedural History

On April 29, 2008, Plaintiff filed a *pro se* complaint against Defendants alleging a violation of his Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment with regard to the treatment for his hernia. (*Id.* at 1-2.) On July 17, 2008, Defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 2.) After full briefing, the court issued its October 23, 2008 order and accompanying memorandum granting in part and denying in part Defendants' motion. (Doc. 26.) The court's analysis broke the facts into two categories — the treatment before the hernia belt was issued in February, and the treatment after the hernia belt was issued. The court granted Defendants' motion with regard to his treatment after the hernia belt was issued, but allowed Plaintiff's pre-hernia belt claims to go forward. (*Id.*)

On January 26, 2009, David E. Heisler, Esquire, entered his appearance on Plaintiff's behalf. (Doc. 33.) On April 14, 2009, a case management plan was submitted by all parties. (Doc. 37.) In this plan, Plaintiff indicated that he still disputes whether the post-hernia belt treatment of his medical condition amounted to cruel and unusual punishment. However, nothing further was done by Plaintiff until August 24, 2009, when Plaintiff's deposition was taken. Three days later, the

2

depositions of the individual Defendant's were taken.  On September 21, 2009, Plaintiff's expert submitted his report.  On December 9, 2009, Plaintiff submitted this motion for reconsideration of the court's October 2008 order granting in part and dismissing in part Defendants' motion to dismiss.  (Doc. 52.)  On December 11, 2008 — three days after the instant motion was filed — Defendants provided Plaintiff with a copy of their expert's report.

**II.     Discussion**

Plaintiff argues that testimony elicited by Plaintiff and other witnesses during discovery amounts to after-discovered evidence which establishes a viable Eighth Amendment claim for his post-hernia belt treatment.  Defendants counter that Plaintiff's motion was filed far beyond the deadline provided by local rules, and that even if timely, the evidence does not establish a cruel and unusual punishment claim.

Under Middle District Local Rule 7.10 "[a]ny motion for reconsideration . . . must be . . . filed within fourteen (14) days after the entry of the order concerned."  M.D. Local R. 7.10.[1]  "The purpose of a motion for reconsideration is to correct manifest errors of law or facts or to present newly discovered evidence."  *Pro Line Filter Sys. Inc. v. J.C. Carter Co., Inc.*, 34 F. App'x 870, 872 (3d Cir. 2002) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  A motion for reconsideration is not a chance for a party to re-argue claims that have already been brought before the court.  *Bhatnagar v. Surrendra*

---

[1] The local rules were amended effective December 1, 2009.  Under the prior rules, a party had ten days to file a motion for reconsideration.  The court will defer to Plaintiff and accept the longer filing period, either way, Plaintiff's motion is untimely.

*Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). With this in mind, motions for reconsideration should be granted sparingly and only when there is an argument to be made that the court clearly erred in a matter of law or fact. Mere disagreement with a court's decision is a grounds for appeal, not reconsideration. *Adams Parking v. City of Scranton*, 2001 WL 1688175, *1 (M.D. Pa. June 21, 2001).

The court issued its order partially granting Defendants' motion to dismiss on October 23, 2008. Plaintiff's motion for reconsideration was filed December 9, 2009- 412 days later, *or* one year, one month, and sixteen days late. The court appreciates that Plaintiff was *pro se* at the time the order was issued. However, Plaintiff has been represented by counsel since January 26, 2009- 317 days before the motion was filed. In his brief in support of the motion, Plaintiff cites to his own deposition testimony and a report from his expert, as well as testimony from the individual Defendants, all of which he claims is newly discovered evidence entitling him to relief. Even if the court were to accept this argument, the latest possible date that this information was known to Plaintiff was September 21, 2009, the date his expert report was produced- seventy-nine days before the motion was filed. Plaintiff has provided no explanation for his substantial delay in filing his motion for reconsideration.

Plaintiff's reply brief, which at no point cites to any legal authority, seems to argue that Defendants' expert report, which was produced on December 11, 2009, is also newly-discovered evidence upon which his motion is based. It is unclear how a document received by Plaintiff two days after the motion for reconsideration was filed could possibly be a basis for the motion. Obviously, there is no mention of the report in either the motion or the brief in support, as Plaintiff

4

had not yet received the report. Instead, the motion relies solely on evidence which Plaintiff had in his possession at *least* seventy-nine days, and possibly over a year, earlier.

Furthermore, Plaintiff fails to explain how Defendants' expert report is newly discovered. Without citing to any legal authority in his brief, Plaintiff merely recites portions of the defense expert's report where the expert explains that, based on training and experience, a review of Plaintiff's medical records indicates that Plaintiff's pain was mild. Even if the court were to entertain Plaintiff's motion as timely, this evidence does nothing to bolster Plaintiff's argument and only affirms what the court has already concluded. The Eighth Amendment requires Plaintiff to show that Defendants willfully and deliberately disregarded "an excessive risk to inmate health or safety." (Memo. & Order, Doc. 26, at 7, Oct. 23, 2008 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).) "Negligence, mistake, difference or opinion, medical malpractice or the failure to order testing does not exhibit the culpable mental state giving rise to an Eighth Amendment violation." (*Id.*) Plaintiff's "newly discovered evidence" only reiterates that there may have been a difference in medical opinion, and possibly a medical malpractice claim with regard to Plaintiff's treatment, but it does not give rise to an Eighth Amendment claim. Accordingly, even if Plaintiff's motion for reconsideration had been timely filed, it would have failed. As such, no additional motions for reconsideration based on this evidence will be entertained by the court.

**III.     Conclusion**

It is apparent to the court that Plaintiff's motion for reconsideration is not only exceedingly late, but is also an attempt to re-argue issues this court has already ruled upon. If Plaintiff disagrees with the court's ruling on the motion to dismiss, the proper recourse is to appeal that decision. As was noted in the memorandum accompanying the order on the motion to dismiss — Plaintiff may disagree with the treatment he is receiving, and therefore may have a medical malpractice or negligence case, but no new evidence has been presented that gives rise to an Eighth Amendment Claim. An appropriate order will be issued.

					s/Sylvia H. Rambo
					United States District Judge

Dated: January 13, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

F. SCOTT WINSLOW,  :
        Plaintiff  :  Civ. No. 1:08-0785
        v.  :
PRISON HEALTH SERVICES, INC.,  :
STANLEY STANISH, M.D.,  :
RENATO DIAZ, M.D.,  :
and JENNIFER PORTA, P.A.,  :  J. RAMBO
        Defendants.  :

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration, (Doc. 52), is **DENIED**.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: January 13, 2010.